O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CORNELL WHITFIELD,<br><br>Defendant. | Case No. 2:13-cr-00126-ODW-02<br><br>**STATEMENT OF REASONS REGARDING ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW PLEA AND TO DISMISS INDICTMENT FOR OUTRAGEOUS GOVERNMENT CONDUCT [155]** |

## I.  INTRODUCTION

"The constitutional provision that a trial may be held in a serious federal criminal case only if a grand jury has first intervened reflects centuries of antecedent development of common law, going back to the Assize of Clarendon in 1166." *Russell v. United States*, 369 U.S. 749, 761 (1962).  The indictment serves such a fundamental role in this nation's federal criminal-justice system that the Founding Fathers eternally enshrined the guarantee that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury" in the Fifth Amendment to the United States Constitution.

Finding that the Government had engaged in outrageous conduct by ensnaring the Defendants in this case in a trumped-up stash-house scheme to steal nonexistent drugs, the Court dismissed the Indictment—thus barring the Government from proceeding with its prosecution.

Defendant Joseph Cornell Whitfield pleaded guilty to two counts charged in the Indictment prior to the Court's dismissal Order.  But he now moves to vacate his plea so that he can benefit from the dismissal.  Since the Court finds that Whitfield has demonstrated a "fair and just reason" for vacating his plea, the Court **GRANTS** his Motion and **VACATES** his guilty plea.

## II.    FACTUAL BACKGROUND

On February 25, 2013, the Grand Jury returned an indictment charging, among others, Whitfield with conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846; conspiracy to interference with commerce by robbery, 18 U.S.C. § 1951; use of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (ECF No. 24.)  The Indictment arose out of the Bureau of Alcohol, Tobacco, Firearms and Explosives's ("ATF") fictitious stash-house ruse in which Special Agent Dan Thompson lured Hudson, Whitfield, and Dunlap into agreeing to commit a doomed-to-fail robbery of 25 kilograms of nonexistent cocaine. (*See* ECF No. 112, at 2–6.)

On November 4, 2013, Whitfield pleaded guilty to Counts 2 and 3 of the Indictment according to a plea agreement entered into with the Government.  (ECF No. 79.)  The Court accepted the plea and eventually set a sentencing hearing for May 28, 2014.

After co-defendant Antuan Duane Dunlap moved to dismiss the Indictment for outrageous government conduct, the Court granted that Motion, thus dismissing the Indictment against all three co-defendants.  (ECF No. 112.)  On March 18, 2014, Whitfield first moved to withdraw his plea in light of alleged ineffective assistance of counsel.  (ECF No. 123.)  After reviewing his Motion and holding a hearing on the

matter, the Court denied the Motion, finding that his attorney had performed admirably in advising Whitfield about the propriety of pleading guilty. (ECF No. 136.)

But after considering the effect of the March 10, 2014 Order, the Court vacated Whitfield's scheduled sentencing hearing and ordered the parties to brief the issue of whether the Court could proceed against him. (ECF No. 147.)

On June 2, 2014, Whitfield filed this Motion joining in Dunlap's Motion to Dismiss the Indictment and also moving to dismiss the indictment under the Court's inherent supervisory powers. (ECF No. 155.) Alternatively, Whitfield seeks to withdraw his guilty plea. The Government both responded to the Court's briefing Order and timely opposed this Motion. (ECF Nos. 156, 160.) The Court held a hearing on the Motions on June 16, 2014,[1] and granted Whitfield's Motion. The Court accordingly issues this Statement of Reasons.

### III. DISCUSSION

The Court finds that Whitfield has presented a "fair and just reason" for withdrawing his plea. The Court also finds that the benefit of dismissing the Indictment runs to Whitfield, thus precluding the Government from proceeding against him.

**A. Withdrawal of plea**

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw a plea after the court accepts it but before the court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." The

/ / /

---

[1] On June 16, 2014, the Court received an Order from the Ninth Circuit Court of Appeals in the *Dunlap* case staying the Court's March 10, 2014 Order as to Dunlap and mandating that the Court issue a bench warrant for Dunlap's release. But the Court of Appeals explicitly declined to stay proceedings as to Whitfield, stating, "To the extent the June 12, 2014 emergency motion seeks a stay of district[-]court proceedings relating to appellee's co-defendants, . . . the motion seeks relief that is beyond the scope of this appeal and, accordingly, is denied." *United States v. Dunlap*, No. 14-50129 (9th Cir. Jun. 16, 2014).

defendant bears the burden of establishing a "fair and just reason." *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). But the "standard is applied liberally." *Id.*

The Ninth Circuit has expounded several situations that constitute the requisite "fair and just reason" for withdrawing a plea: "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) (emphasis omitted) (internal quotation marks omitted). But Rule 11(d)(2)(B) does not require a defendant to establish that his plea was invalid. *Davis*, 428 F.3d at 806.

Whitfield does not challenge the adequacy of the Rule 11 colloquy but rather requests reconsideration of his withdrawal motion on the additional ground of an intervening circumstance—this Court's dismissal of the Indictment. Whitfield contends that the Court's March 10, 2014 outrageous-government-conduct finding is law of the case as to Whitfield since the Court did not limit it to just Dunlap. He requests that the Court permit him to withdraw his plea so that he can also challenge the Government's actions in obtaining the Indictment.

But the Government takes a different view, arguing that Whitfield waived any nonjurisdictional defects in the indictment—such as the propriety of the Government's conduct—by pleading guilty. The Government asserts that there is no fair and just reason for allowing Whitfield to withdraw his guilty plea, because "a district court decision—let alone a district court's erroneous interpretation of binding Ninth Circuit precedent—does not constitute an intervening change in the law such that it would be 'fair and just' to allow defendant to withdraw his guilty plea." (ECF No. 160, at 6.) Rather, the Government contends that the Ninth Circuit's decision in *United States v. Black*, 733 F.3d 294 (9th Cir. 2013), remains binding precedent precluding any finding of a change in the operative law.

The Government imposes too high a burden on Whitfield at this stage in the proceedings. Contrary to the Government's assertions, Whitfield has not "waived any

claim that both the indictment and the prosecution were defective due to allegedly outrageous government conduct." (*See* ECF No. 156, at 2.)  It is true that a defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Rather, the defendant "may only attack the voluntary and intelligent character of the guilty plea." *Id.*; *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013), *cert. denied,* 134 S. Ct. 151, (2013).

But this standard only applies on appeal when a defendant may only bring a collateral attack on the plea.  *Davis*, 428 F.3d at 806.  The Ninth Circuit has emphatically stated that "a defendant does *not* have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing. *The invalidity standard applies only after a defendant has been sentenced*." *Id.* (second emphasis added).  Since this Court has yet to sentence Whitfield, he may freely bring a direct attack on the plea under Rule 11(d)(2)(B).

While the Government relies on the Ninth Circuit's opinion in *United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004), to dispute Whitfield's changed-circumstances argument, that case actually supports Whitfield's position.  The Court of Appeals explained why a defendant does not have to establish that his plea was invalid in order to withdraw it before the trial court:

> To hold that a defendant has not shown a fair and just reason for withdrawing his guilty plea if the plea was voluntary and therefore *will* not be subject to collateral attack improperly limits "a fair and just reason" to only those cases in which the plea is invalid.  Such an interpretation of "fair and just'" renders the rule nothing more than an expedited hearing on a challenge to the voluntariness of a plea.  A fair reading of the broad language of Rule 11(d)(2)(B)—"a defendant may withdraw a plea of guilty or nolo contendere . . . if the defendant shows a fair and just reason"—establishes that a defendant need not prove that his

plea is invalid in order to meet his burden of establishing a fair and just reason for withdrawal.

*Id.* at 884.

It would be manifestly unfair and unjust to sentence Whitfield on counts charged in an indictment that the Court has dismissed. The Court has dismissed the Indictment because the Government engaged in outrageous conduct that transcended the bounds of due process, thus precluding the Government from invoking the judicial machinery to validate it prosecution. There is no longer any operative charging document against Whitfield—and thus nothing for the Court to base its sentencing decision on.

Neither does his guilty plea change this result. Since Whitfield has moved to withdraw his guilty plea in the trial court, he is not relegated to only collateral attack on the plea. Instead, he can take full advantage of the Court's Order Dismissing Indictment for Outrageous Government Conduct. That Order constituted "intervening circumstances" because it nullified the charging document against all defendants in this case. *Ortega-Ascanio* and similar cases that deal with general, indirect changes in the governing law are thus distinguishable since they do not involve developments in a case's direct history. *See* 376 F.3d at 885–86 (involving a change in the law that occurred after the United States Supreme Court overruled Ninth Circuit precedent).

The unique procedural circumstances of this case also allay any possible floodgates arguments regarding the finality of pleas. Allowing a defendant like Whitfield to vacate his guilty plea prior to sentencing when the Court has dismissed the indictment does not incentivize a wait-and-see approach. It is certainly a rare case where a court has completely dismissed the underlying charging document against all defendants in a case, so it is unlikely that this decision will produce a deluge of similar withdrawal motions. Moreover, the Court finds that it simply cannot proceed against Whitfield in light of the dismissal notwithstanding his guilty plea.

/ / /

The Court accordingly finds that its March 10, 2014 Order dismissing the Indictment against all defendants in this action constitutes an "intervening circumstance[]" providing a "fair and just reason" for Whitfield to withdraw his guilty plea under Rule 11(d)(2)(B). The Court accordingly **GRANTS** Whitfield's Motion on this ground and **VACATES** Whitfield's guilty plea.

## B.   Dismissal of indictment for outrageous government conduct

Whitfield joins in co-defendant Dunlap's Motion to Dismiss the Indictment, or, alternatively, moves to challenge the Government's conduct himself. But the Government argues that Whitfield waived this issue by pleading guilty without first challenging the Government's conduct.

Contrary to the Government's assertion, Whitfield has not waived the outrageous-government-conduct defense. Its repeated citations to the Ninth Circuit's opinion in *United States v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010), are misplaced. In that case, the Court of Appeals held that outrageous government conduct constitutes a "defect[] in the institution of the prosecution" under Rule 12(b)(3) such that a defendant must raise the issue before trial or else waive reliance upon it. *Id.* at 1080.; *see also* Rule 12(e). But while the Government apparently elevates this Court to the appellate level, this Court *is* the trial court. Whitfield has therefore not improperly raised the outrageous-government-conduct issue for the first time on appeal.

The Court need not revisit the outrageousness of the Government's conduct in this case, as the Court's March 10, 2014 findings apply equally to Whitfield. In *Black*, the Ninth Circuit expounded six factors a court must consider in evaluating the propriety of the Government's conduct in obtaining an indictment:

> (1) known criminal characteristics of the defendants; (2) individualized suspicion of the defendants; (3) the government's role in creating the crime of conviction; (4) the government's encouragement of the defendants to commit the offense conduct; (5) the nature of the

government's participation in the offense conduct; and (6) the nature of the crime being pursued and necessity for the actions taken in light of the nature of the criminal enterprise at issue.

733 F.3d at 303. All but the first two factors rest entirely on the Government's actions and are not defendant-specific—thus importing the Court's previous findings to Whitfield's current Motion.

Moreover, the Court has already thoroughly analyzed the first two factors. In its March 10, 2014 Order, the Court found that "there [was] no indication that the ATF, Thompson, the LAPD, or the CI had any knowledge of Hudson, Whitfield, or—in particular—Dunlap's alleged 'criminal background or propensity' prior to Thompson inventing the stash-house scheme." (ECF No. 112, at 9.) And the Government essentially admits that it had no individualized suspicion of Whitfield prior to him joining Hudson, as the Government states that it "tailored its investigation, and refined its tactics, *as defendant revealed himself to be a violent recidivist with little regard for human life*." (*See* ECF No. 160, at 12 (emphasis added).) The Government therefore did not discover Whitfield's alleged criminal propensities until after it had concocted that capricious stash-house scheme.

In its Opposition to Whitfield's Motion, the Government again impermissibly attempts to validate its conduct in obtaining the Indictment by reiterating Whitfield and his co-defendants' participation in the ruse. (*See, e.g.*, ECF No. 160, at 12 ("At every meeting, including defendant's February 5, 2013 arrest, the government afforded defendant multiple opportunities to withdraw from the conspiracy. Defendant not only rejected each entreaty, but also hardened his focus on the plan by escalating the level of violence he would employ during the robbery."). But in assessing the propriety of the Government's conduct, judicial scrutiny focuses solely on the Government—not the alleged actions of the defendant. *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991). So whether there were three defendants / / /

involved in the ATF's fanciful scheme or 3,000, the Government's conduct vis-à-vis this Indictment is still outrageous under the *Black* formulation.

The Court accordingly **GRANTS** Whitfield's Motion to the extent that he seeks to benefit of the Court's March 10, 2014 Order Dismissing Indictment for Outrageous Government Conduct. (*See* ECF No. 112.)

**C.   Dismissal of indictment under Court's inherent supervisory powers**

Whitfield also moves to dismiss the Indictment under the Court's inherent supervisory powers. *See United States v. Hasting*, 461 U.S. 499, 505 (1983); *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991) (noting that a court may dismiss an indictment to remedy certain enumerated situations not rising to the level of a due-process violation). But since the outrageous-government-conduct doctrine provides a sufficient basis for dismissal, the Court will not needlessly venture into murky depths of its supervisory powers.

### IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Whitfield's Motion to withdraw his plea and benefit from the Court's March 10, 2014 Order Dismissing Indictment for Outrageous Government Conduct. (ECF No. 155.)

**IT IS SO ORDERED.**

June 18, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**